UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WELLS FARGO BANK, N.A., <br><br>Plaintiff, <br><br>v. <br><br>EQUAAN D. SMITH, et al., <br><br>Defendants. | Case No. 3:25-cv-01557-JSC <br><br>**ORDER REMANDING ACTION TO ALAMEDA COUNTY SUPERIOR COURT AND PROHIBITING DEFENDANT SMITH FROM REMOVING THIS ACTION AGAIN** |

This case arises out of years of litigation following Wells Fargo's foreclosure of a home owned by Defendant Equaan Smith in which Defendant Russell Robinson, her former attorney, owns a four percent interest. In 2020, Wells Fargo brought an action for declaratory relief, cancellation of instrument, quiet title, and slander of title in the Alameda County Superior Court. *See Wells Fargo Bank, N.A. VS Smith*, No. RG20051563. Two years later, the parties filed a stipulated dismissal following a settlement whereby judgment was entered in Wells Fargo's favor. Since this time, Defendants have removed the action to this Court on six occasions, seeking to prevent the superior court from ruling on pending motions to enforce the judgment and/or convey possession of the subject property to Wells Fargo. *See* Case No. 23-3090; Case No. 23-6135; Case No. 24-3344; Case No. 24-9335; Case No. 25-671; Case No. 25-1557. On each occasion, the Court has remanded the action to the superior court for lack of subject matter jurisdiction. *See* Case No. 23-3090, Dkt. No. 29; Case No. 23-6135, Dkt. No. 30; Case No. 24-3344, Dkt. No. 20; Case No. 24-9335, Dkt. No. 11; Case No. 25-671, Dkt. No. 12. Mr. Robinson has been declared a vexatious litigant and is prohibited from further removals of the superior court action without leave of Court. Case No. 24-9335, Dkt. No. 12.

1  Four days after the Court's most recent remand order was docketed by the Alameda
2  County Superior Court, Ms. Smith removed the same superior court action for a third time.  (Dkt.
3  No. 2.)  Ms. Smith removed the action despite the fact she is facing an Order to Show Cause as to
4  why she, like Mr. Robinson, should not be declared a vexatious litigant and prohibited from
5  removing the action again.  Case No. 25-671, Dkt. No. 15.  Ms. Smith's removal is based on the
6  identical allegations of federal question jurisdiction as invoked in her prior removals; namely, that
7  Wells Fargo is "engaged and may be engaging in unlawful debt reporting and/or collection
8  activity" in violation of the Federal Debt Collection Practices Act. (*Compare* Dkt. No. 1 at 3 *with*
9  Case No. 25-671, Dkt. No. 1 at 2-3; Case No. 24-3344, Dkt. No. 1 at 2.)  In remanding Case Nos.
10 24-3344 and 25-671, the Court previously held these grounds do not establish a basis for subject
11 matter jurisdiction. (Case. No. 24-3344, Dkt. No. 20; Case No. 25-671, Dkt. No. 12.)

Accordingly, as this action invokes the identical improper basis for federal subject matter jurisdiction, this action is again REMANDED to the Alameda County Superior Court for the reasons previously stated.  And, given the frivolous of Ms. Smith's repeated removals, and that the hearing on the proposed vexatious litigant order is not until March 12, 2025, Ms. Smith is ORDERED not to remove this action again until the Court decides whether a vexatious litigant order should be issued.  Ms. Smith is reminded she is ordered to appear in person at the March 12, 2025 hearing.

**IT IS SO ORDERED.**

Dated: February 26, 2025

JACQUELINE SCOTT CORLEY
United States District Judge

2